**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States,

|                      | Plaintiff, | Case No. 22-cr-20110 |

v.                                      Judith E. Levy
                                        United States District Judge
Reginald Hitchcock,
                                        Mag. Judge David R. Grand
|                      | Defendant. |

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR**
**RECONSIDERATION [37]**

Defendant Reginald Hitchcock previously filed an amended motion
to suppress evidence or, in the alternative, for a *Franks* hearing. (ECF
No. 26.) On May 11, 2023, the Court heard oral argument and issued an
order denying Defendant's motion. (ECF No. 33.) Now before the Court
is Defendant's motion for reconsideration of the Court's May 11, 2023
order. (ECF No. 37.)

"The Federal Rules of Criminal Procedure do not explicitly
authorize motions for reconsideration, but the Supreme Court has held
that defendants may file them in criminal cases." *United States v.*

*Jackson*, No. 1:16-cr-20347, 2023 WL 36067, at *1 (E.D. Mich. Jan. 4, 2023) (citing *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991) (per curiam); *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020)). "Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases." *Id.* (quoting *United States v. Estrada*, No. 14-cr-20425, 2022 WL 17682630, at *1 (E.D. Mich. Dec. 14, 2022)).

Eastern District of Michigan Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders.[1] *See* E.D. Mich. LR 7.1(h)(2); *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-cv-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10, 2022). That rule provides:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought *only* upon the following grounds:
>
> > (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> >
> > (B) An intervening change in controlling law warrants a different outcome; or

---

[1] The Court notes that Defendant brings his motion under an outdated version of Eastern District of Michigan Local Rule 7.1(h), which was updated on December 1, 2021. The Court considers Defendant's motion under the correct provision of the local rule.

> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). "[M]otions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered." *Bowles v. Macomb Cmty. Coll.*, No. 20-13175, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022).

In his motion for reconsideration, Defendant argues that the Court's "misstatements of facts" and "failure to consider other facts presented by the defense" were "[p]alpable defects" that would have affected the outcome of Defendant's motion to suppress and/or for a *Franks* hearing. (ECF No. 37, PageID.291.) According to Defendant, the Court incorrectly stated that (1) the officers stopped the red Cadillac after observing what appeared to be a hand to hand drug transaction; (2) Defendant returned home after this encounter; and (3) the source of information ("SOI") mentioned in the affidavit took a photo of Defendant's license plate. (*Id.* at PageID.293–294.)

As an initial matter, Defendant's characterizations of the Court's statements are not accurate. First, although the Court initially stated

3

that the officers stopped the red Cadillac, it corrected itself on the record that it was a different car—the car stopped on November 7, 2020—that the officers pulled over. Second, the Court did not state at the hearing that Defendant returned home after this encounter. Third, the Court also did not state that the SOI took a photograph of Defendant's license plate—the Court mentioned this possibility only to illustrate that it was not impossible for the SOI to know Defendant's license plate number.

More importantly, Defendant does not show how correcting these statements would change the outcome of the Court's prior decision. Specifically, Defendant fails to address how the outcome would have been different under **the legal standards** for motions to suppress and for *Franks* hearings. Defendant only states in a conclusory manner that the Court's "misstatements" would have changed the outcome of the motion. (*See* ECF No. 37, PageID.291, 295.) This is insufficient.

Defendant also brings up several arguments that he previously raised at the hearing or in his briefs on the motion to suppress and/or for a *Franks* hearing. Specifically, he argues that (1) the affiant made inconsistent statements about how he obtained Defendant's license plate number; (2) it would have been impossible for the SOI to know

4

Defendant's license plate number; and (3) Jessica Lukasik was not credible. (ECF No. 37, PageID.294–296.) However, as noted above, "motions for reconsideration are not an opportunity to . . . relitigate issues that the court previously considered." *Bowles*, 2022 WL 1469515, at *2.

Accordingly, Defendant's motion for reconsideration (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated: June 5, 2023              s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2023.

                             s/William Barkholz
                             WILLIAM BARKHOLZ
                             Case Manager