UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 22-20110

v.                                      Judith E. Levy
                                      United States District Judge

Reginald Hitchcock,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE AND SET ASIDE HIS CONVICTION AND ARMED CAREER CRIMINAL SENTENCING SCORING [88]**

Before the Court is Defendant's motion "to vacate and set aside 18 U.S.C. § 922(g)(1)[] conviction and armed career criminal sentencing scoring." (ECF No. 88.) In his motion, Defendant argues that 18 U.S.C. § 922(n) is unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (ECF No. 88, PageID.1077.) He states that, "[b]ecause Section 922(n) is unconstitutional and thus is and was 'no law,' the defendant's conviction under 18 U.S.C. § 922(g)(1) should be a nullity." (*Id.* at PageID.1078.)

Defendant's motion is untimely. Moreover, it is not clear to the Court under what basis Defendant seeks relief. Defendant is no longer eligible for relief under Federal Rule of Criminal Procedure 12, as trial was completed on January 12, 2024. (ECF No. 77.) A post-trial renewal of a motion for judgment of acquittal must be brought "14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). It has been more than 14 days since the jury was discharged and a guilty verdict was entered. (ECF No. 77.)

To the extent that Defendant's motion seeks habeas relief (s*ee* ECF No. 88, PageID.1076 ("The Supreme Court has explained that 'a conviction obtained under an unconstitutional law warrants habeas relief.'" (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 204 (2016)))), the Court finds that it is also untimely because Defendant has not been sentenced. 28 U.S.C. § 2255 sets forth the standard of review federal courts must use when considering habeas petitions brought by prisoners challenging their federal court convictions. The language of § 2255 indicates that habeas relief is available after sentencing. 18 U.S.C. § 2255(a) ("A prisoner in custody under *sentence* of a court established by Act of Congress . . . ." (emphasis added)); *see also Reber v. Steele*, 570 F.3d

1206, 1209 (10th Cir. 2009) (holding that the district court lacked jurisdiction over a § 2254 habeas petition because the prisoner had been convicted, but not yet sentenced at the time of the petition).

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion to vacate and set aside his conviction.

IT IS SO ORDERED.

Dated: April 12, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager